IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CORNELL BRISCO, #R-20003, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 12-cv-1029-JPG |
| | ) | |
| S.A. GODINEZ, SHERRY BENTON, | ) | |
| TY BATES, WILLIAMS PEYTON, | ) | |
| JOHN D. EVANS, ANGELA WINSOR, | ) | |
| DEBBIE ISAACS, | ) | |
| DR. DENNIS LARSON, BRIAN NEAL, | ) | |
| LARRY GERST, EVE M. FRED, | ) | |
| LAURA, JOHN D. MORH, | ) | |
| MRS. CHILDRESS, DR. FURLONG, | ) | |
| and UNKNOWN PARTIES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Big Muddy River Correctional Center ("BMRCC"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that several of the Defendants were deliberately indifferent to his serious medical conditions, that other Defendants improperly denied his grievances without investigation, and that two Defendants filed false disciplinary charges on him.

Specifically, Plaintiff claims that he suffers from breathing problems (bronchitis), chest pains, abdominal and chest pains, blood in the stool, a stomach virus (H. Pylori), two broken teeth, and an allergy to soy. The BMRCC medical staff, namely Defendants Larson, Gerst, Fred, Laura, Neal, and Jane Doe medical assistants, refused to treat Plaintiff for these medical

problems, and refused to order a soy-free diet for him (Doc. 1, pp. 10-11).  Defendant Furlong (the dentist) refused to pull or otherwise treat Plaintiff's two broken teeth (Doc. 1, p. 12).  Defendant Isaacs (BMRCC Health Care Administrator) allowed the other medical provider Defendants to deny treatment to Plaintiff (Doc. 1, p. 10).  Defendant Morh (a correctional officer) delayed and denied Plaintiff's access to medical care when he sought treatment for chest pain and breathing problems.

Furthermore, Defendants Morh and Neal filed false disciplinary reports against Plaintiff (Doc. 1, pp. 11-12).  As a result, Plaintiff spent five days in segregation, and lost commissary and other privileges for one month.

Finally, Defendant Childress destroyed Plaintiff's grievances and paper work complaining about his lack of medical treatment (Doc. 1, p. 12).  Defendants Godinez, Benton, former BMRCC wardens Bates, Payton, and Evans, current warden Winsor, and John/Jane Doe grievance officers all denied Plaintiff's grievances over the failure to treat his medical problems (Doc. 1, p. 10).  Plaintiff seeks injunctive relief to secure treatment for the broken teeth, a medical checkup, and a soy-free diet, and he requests compensatory and punitive damages (Doc. 1, p. 14).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Larson, Neal, Gerst, Fred, Laura, Morh, Furlong, Isaacs, and the Jane Doe medical assistants for deliberate indifference to medical needs (Count 1).  Although Plaintiff has not alleged that Defendant Winsor (the current warden) was personally responsible for the denial of medical care, she shall remain as a

Defendant in the event injunctive relief may be warranted.

However, Plaintiff has failed to state a claim upon which relief may be granted for the denial or mishandling of his grievances (Count 2) or for the false disciplinary reports filed against him (Count 3).  Therefore, these claims shall be dismissed for the following reasons.

Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se.  As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008);  *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause").  According to Plaintiff's complaint, Defendants Godinez, Benton, Bates, Payton, Evans, and John/Jane Doe grievance officers merely denied Plaintiff's grievances.  None of these Defendants is a medical provider, and none was personally involved in the alleged failure to provide medical care described in Count 1.  Similarly, although Defendant Childress may have mishandled or even purposely destroyed Plaintiff's paperwork, she was not involved in the denial of medical care which gave rise to Plaintiff's grievances.  These Defendants' handling of Plaintiff's grievances does not rise to the level of a constitutional violation, and Count 2 shall be dismissed with prejudice.

Plaintiff's claim that Defendants Neal and Morh falsely accused him of violating prison rules (Count 3) likewise does not amount to a constitutional violation.  In *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984), the Seventh Circuit held that the filing of false disciplinary charges does not state a Fourteenth Amendment claim when the accused inmate is given a

subsequent hearing on those charges in which the inmate is afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974) (advance written notice of the charge, right to appear before the hearing panel, the right to call witnesses if prison security allows, and a written statement of the reasons for the discipline imposed). The Seventh Circuit reasoned that prisoners have a right "to be free from arbitrary actions of prison officials," *Hanrahan,* 747 F.2d at 1140, but determined that the procedural protections outlined in *Wolff* provided the appropriate protection against arbitrary actions taken by a correctional officer such as issuing the inmate a fabricated conduct violation.

In the instant complaint, Plaintiff states that Defendant Neal falsely accused him of insolence and giving false information. Defendant Morh also brought a false charge, but Plaintiff does not describe that ticket. He also does not state whether he was given a hearing on any of the charges that afforded him the procedural protections described in *Wolff*. If Plaintiff was given a proper hearing, yet was found guilty of the false charge, he would not have a constitutional claim so long as the decision of the disciplinary hearing board was supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). On the other hand, if Plaintiff was not afforded the procedural protections in *Wolff*, he still would not have an actionable claim under the facts he presents.

An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). For prisoners whose punishment includes being put in disciplinary segregation, under *Sandin*, "the key comparison is between disciplinary segregation and nondisciplinary segregation rather

than between disciplinary segregation and the general prison population." *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). The Seventh Circuit has recently elaborated two elements for determining whether disciplinary segregation conditions impose atypical and significant hardships: "the combined import of the duration of the segregative confinement *and* the conditions endured by the prisoner during that period." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) (emphasis in original). The first prong of this two-part analysis focuses solely on the duration of disciplinary segregation. For relatively short periods of disciplinary segregation, inquiry into specific conditions of confinement is unnecessary. *See Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (56 days); *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997) (70 days) ("a relatively short period when one considers his 12 year prison sentence"). In these cases, the short duration of the disciplinary segregation forecloses any due process liberty interest regardless of the conditions. *See Marion*, 559 F.3d at 698 ("we have affirmed dismissal without requiring a factual inquiry into the conditions of confinement").

In Plaintiff's case, he spent only five days in segregation, a very short period. He does not describe the conditions of his segregation cell. Furthermore, he never states whether he was in administrative segregation (where he might have been held while awaiting a disciplinary hearing), or whether the five days was imposed as a punishment. If the confinement was merely administrative, and not punitive, Plaintiff has no constitutional claim. *Williams v. Ramos*, 71 F3d 1246, 1248 (7th Cir. 1995) (prison officials have discretion to place inmates in administrative or investigative segregation, or involuntary protective custody, and no liberty interest is implicated by these types of confinement). On the other hand, if he in fact was in punitive segregation, the short time he spent there is not enough to trigger any due process concerns, no matter what the

conditions. *See Marion*, 559 F.3d at 698. In addition, the loss of privileges such as commissary does not implicate any constitutional rights. *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges). Accordingly, Count 3 shall be dismissed with prejudice.

**Pending motion**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Philip M. Frazier for further consideration.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 2 and 3** are **DISMISSED** with prejudice. **DEFENDANTS GODINEZ, BENTON, BATES, PEYTON, EVANS, CHILDRESS,** and the **JOHN/JANE DOE GRIEVANCE OFFICERS** are **DISMISSED** with prejudice.

In reference to Count 1, the Clerk of Court shall prepare for Defendants **WINSOR, ISAACS, LARSON, NEAL, GERST, FRED, LAURA, MORH,** and **BROWN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (Jane Doe Medical Assistant) Defendants

until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the*

*parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: October 17, 2012

                                                  *s/J. Phil Gilbert*
                                                  **United States District Judge**